**FRANK & BRESLOW, LLP, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 97–527C.

United States Court of Federal Claims.

March 2, 1999.

Neil M. Frank, Frank & Breslow, Farmingdale, N.Y., for plaintiff.

Salomon Gomez, Trial Attorney, with whom was Kathryn A. Bleecker, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, and Frank W. Hunger, Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant. John Cahill, United States Department of Housing and Urban Development, New York, N.Y., was of counsel.

## OPINION

SMITH, Chief Judge.

This matter is before the court on defendant's Motion to Dismiss. The issue to be decided is whether plaintiff is a third party beneficiary to a settlement agreement between the Department of Housing and Urban Development and a court appointed receiver, such that plaintiff, a law firm, is entitled to attorney's fees under the settlement agreement. Plaintiff seeks money damages and equitable relief. Defendant argues that plaintiff's complaint should be dismissed for lack of jurisdiction because plaintiff has failed to demonstrate an adequate contractual basis for its claims.

## FACTS

Plaintiff, Frank & Breslow, LLP, was employed as labor counsel to Linden Realty Associates (Linden), in March, 1995. Linden had owned and operated a housing project (Project) since 1980. The Department of Housing and Urban Development (HUD), was mortgagee of the Project, had a regulatory agreement with Linden, and provided federal housing assistance program subsidies.

On or about December 15, 1995, while plaintiff was labor counsel, the Project's tenants brought a civil action against Linden, HUD, and other defendants in the Eastern District of New York. On February 6, 1996, the District Court appointed ARCO Management Corporation (ARCO), as receiver of the Project *pendente lite*. In March 1996, ARCO approved plaintiff's continued performance of legal services on behalf of the Project. The District Court approved a settlement agreement (Agreement), which dissolved ARCO's receivership and transferred the possession of the Project to HUD. Linden was required to convey the property to HUD subject to all liens and encumbrances existing as of June 14, 1996, when the settlement agreement was executed.

The following clause was contained within the Agreement:

It is further agreed by and between the parties that all necessary and reasonable expenses for operating and maintaining the project which expenses were incurred prior to the date of the appointment of ARCO as receiver, and are still outstanding, will be paid from project funds, as HUD and ARCO, in their discretion, deem necessary and reasonable.

Compl. ¶ 4.

Plaintiff has demanded that HUD pay plaintiff's fees incurred by Linden prior to ARCO's receivership. Defendant has refused to do so. Plaintiff has pled three counts in this court: breach of an implied contract; breach of fiduciary duties under a constructive trust; and, unjust enrichment and quantum meruit. Plaintiff claims entitlement to $36,148.91.

## DISCUSSION

The Tucker Act, 28 U.S.C.A. § 1491(a)(1) (West Supp.1998), authorizes jurisdiction of this court over any claim against the United States founded upon an express or implied contract. The Tucker Act does not, however, create a substantive right against the United States for money damages, but merely confers jurisdiction on this court. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607, *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The substantive right must exist independently of the Tucker Act. *See Carlow v. United States,* 40 Fed.Cl. 773, 778–79 (1998).

When deciding a motion to dismiss under RCFC 12(b)(4), this court "must assume all

well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." *Mitchell Arms, Inc. v. United States*, 7 F.3d 212, 215 (Fed.Cir.1993) *cert. denied*, 511 U.S. 1106, 114 S.Ct. 2100, 128 L.Ed.2d 662 (1994) (citing *Gould v. United States*, 935 F.2d 1271, 1274 (Fed.Cir. 1991)). In this case, the facts alleged by plaintiff are not challenged. At issue is the conclusion which the court must draw from those facts.

 Plaintiffs must establish privity of contract in order to establish jurisdiction in this court under the Tucker Act. *See Maniere v. United States*, 31 Fed.Cl. 410 (1994). According to the defendant, this standard is not met because the plaintiff was not a signatory to the Agreement, and plaintiff's contract was with Linden, not HUD. Defendant's argument is insufficient at this stage of our inquiry, however, because plaintiff claims to be a third party beneficiary of the Agreement. Recently, the Federal Circuit clarified the standards for determining third party beneficiary status in the Court of Federal Claims. In *Montana v. United States*, 124 F.3d 1269 (1997), the Federal Circuit adopted the following test for third party beneficiary status: "[T]he contract must 'reflect[ ] the express or implied intention of the parties to benefit the third party.'" *Montana*, 124 F.3d at 1273 (quoting *Schuerman v. United States*, 30 Fed.Cl. 420, 433 (1994)). As the *Montana* court explained, "The intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended to be benefitted thereby. One way to ascertain such intent is to ask whether the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him." *See id.*

 The crux of defendant's argument is that the Agreement does not actually create an obligation for HUD. *See* Mot. To Dismiss, 17 ("F & B cannot show that it reasonably relied upon the Settlement Agreement as manifesting an intention to confer a right to be paid by the Government for its legal services because the Agreement does not

obligate HUD to pay for any expenses."). This is a matter of contract interpretation. By the defendant's reading, the language, "will be paid from project funds, as HUD and ARCO, in their discretion, deem necessary and reasonable," is empty verbiage. The contract language would more closely resemble the government's interpretation if it stated that prior expenses would be paid if ARCO and HUD chose to do so, in their unbounded discretion. This would be a classic illusory promise.

However, there is another more realistic way to read the language. On its face the term "necessary" refers to payments for needed expenses, and not expenses accrued by Linden which were extraneous to the proper functioning of the Project. The term "reasonable" refers to the amount of the expenses, allowing ARCO and HUD to opt out of exorbitant fees for otherwise necessary expenses. The obligation upon ARCO and HUD would be to "deem" whether or not the expenditures were "necessary" and "reasonable". Such determinations by ARCO and HUD must be reasonable in light of an objective standard, and this is a matter for factual determination by this court.

The test for a third party beneficiary relationship, as stated above, is one of reasonable reliance. The interpretation proposed by defendant requires the court to hold that a reasonable person could only look at this contract and see a hollow promise. We do not accept that suggestion. A reasonable person could certainly look at the Agreement, and, if he had performed legitimate services for the Project, believe HUD had undertaken an obligation with ARCO to determine in good faith whether they were "necessary" services, and "reasonable" amounts. Defendant does not suggest a third party beneficiary relationship would fail to exist but for the discretion element of the Agreement. Nor, for that matter, has defendant suggested that plaintiff's fees were deemed unnecessary or unreasonable. Plaintiff certainly falls within the class of beneficiaries that the Agreement treats, since its fees were accrued by Linden prior to the receivership.[1] Accordingly, the court finds

---

1. Defendant argues that plaintiff seeks compensation for fees accrued when ARCO was receiver.

that plaintiff was an intended third party beneficiary of the Agreement.

Plaintiff argues that the Agreement also creates an "implied-in-fact contract that defendant (and ARCO) will fairly determine which of the services provided by creditors are necessary and reasonable similar to the implied-in-fact contract that the United States will give fair and honest consideration to all bids submitted in response to the government's solicitation," *see* Plaintiff's Response, 7. Plaintiff is not a party to the Agreement, which usually limits the government's potential obligations, *see Eubanks v. United States*, 25 Cl.Ct. 131, 137 (1992). However, plaintiff is a third party beneficiary.

This court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), to grant relief on the implied-in-fact contract of the government to treat bids fairly. *See W&D Ships Deck Works, Inc. v. U.S.*, 39 Fed.Cl. 638, 640 (1997); *United States v. John C. Grimberg Co.*, Inc., 702 F.2d 1362, 1367 (Fed.Cir.1983). Here, there is an actual contract upon which an implied-in-fact contract of good faith is based. The contract is quite clear that plaintiff's rights as a third party beneficiary are significantly limited only by defendant's reasonable and good faith determinations under the terms of the contract. Thus, the third party beneficiary relationship binds the government to perform its obligation under the original contract to the benefit of plaintiff. Implied in that original contract obligation to determine "necessary" and "reasonable" fees is a duty to make that determination in good faith. Failure to even consider plaintiff's fees, or bad faith in the determination of "necessary" and "reasonable" fees, would constitute a breach of the express contract. Thus, while the plaintiff's claim of an implied-in-fact contract would not necessarily be incorrect, it is a conceptual framework that is not needed here.

Plaintiff's claim of a constructive trust, however, falls outside of this court's jurisdiction. The claim of constructive trust is a claim for an equitable remedy. *See Last Chance Mining Co. v. United States*, 12 Cl. Ct. 551, 555 (1987), *aff'd without op.*, 846 F.2d 77 (Fed.Cir.), *cert. denied*, 488 U.S. 823, 109 S.Ct. 70, 102 L.Ed.2d 47 (1988) ("The initial difficulty thus faced by [plaintiff] is that a suit based on a trust obligation sounds in equity.") (citing *Blankenship v. Boyle*, 329 F.Supp. 1089, 1112 (D.D.C.1971) ("It is clear that an action to redress a breach of trust sounds in equity.") (citations omitted)). Although this court may exercise equitable powers incidental to its jurisdictional grant to provide money damages, *see, e.g., Hartle v. United States*, 18 Cl.Ct. 479, 484 (1989), that is not the same as the ancillary jurisdiction plaintiff seeks. Creation of a constructive trust is specific equitable relief, and not necessary for us to provide relief on the underlying contract claim. Nor is this a new question in our court. The Court of Federal Claims has already held that constructive trusts lie beyond our jurisdiction. *See State of Montana v. United States*, 33 Fed.Cl. 82 (1995).

Plaintiff's claim of unjust enrichment is also beyond our jurisdiction. Contracts implied-in-law do not fall under the Tucker Act. *See Trauma Serv. Group, Ltd. v. United States*, 33 Fed.Cl. 426, 432 (1995), *aff'd*, 104 F.3d 1321 (Fed.Cir.1997) ("Jurisdiction based on contract extends only to contracts either express or implied in fact, and not to claims on contracts implied in law.") (quoting *Hercules, Inc. v. United States*, 516 U.S. 417, 423, 116 S.Ct. 981, 985, 134 L.Ed.2d 47 (1996)). It is established by the very case plaintiffs cite in support of these claims that unjust enrichment is based on a contract implied in law. *See Glopak Corp. v. United States*, 12 Cl.Ct. 96, 104 n. 6 (1987) ("To the extent that [plaintiff's] theory is based on a theory of unjust enrichment, that doctrine assumes the existence of a contract implied

See *Mot. To Dismiss*, 18 ("[T]here is nothing in the Agreement that imposes an obligation upon HUD to pay for legal services authorized by ARCO in its capacity as a court-appointed receiver."). This is not how the court reads the Complaint, but insofar as plaintiff may have intended

such a claim, the court finds that it is not encompassed within the Agreement, which states that the relevant expenses "were incurred prior to the date of the appointment of ARCO as receiver." See *Compl.* ¶ 14.

in law. This court would have no jurisdiction over such a claim.").

The precedents are less clear with the respect to the quantum meruit claim. *Glopak*, and the two cases it cites, *Caffall Bros. Forest Prod., Inc. v. United States*, 230 Ct. Cl. 517, 678 F.2d 1071, *cert. denied*, 459 U.S. 908, 103 S.Ct. 212, 74 L.Ed.2d 169 (1982), and *Clearwater Forest Indus., Inc. v. United States*, 227 Ct.Cl. 386, 650 F.2d 233 (1981), suggest that a quantum meruit claim may be made in this Court on an implied-in-fact contract. In contrast, *Fincke v. United States*, 230 Ct.Cl. 233, 675 F.2d 289 (1982), cited by defendant, declares that "a suit to recover compensation on a quantum meruit basis is an action on a contract implied in law, as distinguished from a suit on a contract implied in fact." *Fincke*, 675 F.2d at 296.

The Federal Circuit recently had the opportunity to address the issue of whether or not quantum meruit was available under the Tucker Act in *AT & T v. United States*, 124 F.3d 1471 (Fed.Cir.1997). In that case, the Court stated that "Quantum meruit is the name given to an implied-in-law remedy for unjust enrichment. As a general rule, it falls outside the scope of relief available in the Court of Federal Claims." *AT & T*, 124 F.3d at 1479. However, the Federal Circuit has since vacated that decision, and has decided to rehear the case in banc. *See AT & T v. United States*, 136 F.3d 793 (Fed.Cir.1998) (vacating judgment and ordering a rehearing in banc).

This court need not decide the quantum meruit jurisdictional issue, however, in light of its holding that plaintiff has rights as a third party beneficiary under an express contract. As a result of the government's obligation under the Agreement, the quantum meruit claim is denied as moot.

### CONCLUSION

Based upon the fact that any reasonable person who had charged necessary and reasonable fees to Linden would have relied upon the Agreement between HUD, ARCO, and Linden, the court finds plaintiff was a third party beneficiary to the Agreement, and therefore defendant's Motion to Dismiss must be denied as to Count I. Plaintiff's claims for constructive trust and unjust enrichment, however, are outside of this court's jurisdiction, and those Counts are dismissed. The quantum meruit claim is denied as moot. Accordingly, the court partially denies, and partially grants defendant's Motion to Dismiss.

It is so ORDERED.